IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNICE PORTIS, : | |
| : | Civil Action No. 1:–06-CV-1510 |
| Plaintiff : | |
| : | (Judge Kane) |
| v. : | |
| : | |
| DR. FRANCIS J. HARVEY, : | |
| Secretary of the Army, : | |
| : | |
| Defendant : | |

## MEMORANDUM

Pursuant to this Court's order entered August 18, 2006, Plaintiff's motion to proceed in forma pauperis was granted, Plaintiff's complaint was dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2), and Plaintiff was granted leave to re-file her complaint within 30 days. (Doc. No. 6.) In addition, the Court reserved ruling on Plaintiff's motion seeking appointment of counsel pending re-filing of the complaint.

On August 28, 2006, Plaintiff re-filed her complaint together with a number of attachments, alleging, inter alia, that she was discriminated against on the basis of race and complaining of an investigation into certain conduct that Plaintiff was alleged to have engaged in on August 1, 2005, while attending an employment function. (Doc. No. 7.) Although the complaint is extremely general in nature, the Court finds that it satisfies the liberal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and the Court will direct the complaint to be served upon Defendant by the Clerk of Court in accordance with Rule 4 of the Federal Rules of Civil Procedure.

With respect to Plaintiff's motion for appointment of counsel to represent her in this action, the Court notes initially that there is neither a constitutional nor a statutory right to

counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Despite the lack of a constitutional or statutory right to appointed counsel in a civil case, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel." A district court's appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58.

In Tabron, the United States Court of Appeals for the Third Circuit first outlined with specificity the applicable standards to be considered by courts upon an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). Tabron, 6 F.3d at 155-57. In Parham, the Third Circuit enumerated the following considerations for appointing counsel pursuant to 28 U.S.C. § 1915:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.
>
> This list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not

be wasted on frivolous cases.

Parham, 126 F.3d at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n.5).

Given the paucity of factual allegations contained in the complaint, which consists of two brief paragraphs, the Court is challenged to determine whether the complaint has any merit. Assuming for purposes of this opinion that Plaintiff's claim of retaliation is colorable, the Court turns to the remaining Tabron/Parham factors. It is not clear the extent to which Plaintiff possesses the ability to present her case, but she has succeeded in submitting a comprehensive and detailed record of various administrative proceedings relating to her claim. The legal issues implicated are not particularly complex, and the facts would appear to be straightforward and limited in scope. The Court anticipates that the case may rest in part on credibility determinations, but it is not clear to what extent. Given the factual allegations and the limited relief sought, the Court does not find it likely that expert testimony will be required in this action. Finally, the Court cannot necessarily find that Plaintiff is financially unable to secure counsel to represent her in this case, particularly given that cases of this nature are frequently handled by plaintiffs' attorneys on a contingency basis.[1] Upon consideration of these factors, the Court finds that appointment of counsel is unwarranted in this action. An appropriate order follows.

---

[1] Plaintiff has not indicated whether she has attempted to engage counsel in this action.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BERNICE PORTIS,** : | |
| : | **Civil Action No. 1:–06-CV-1510** |
| **Plaintiff** : | |
| : | **(Judge Kane)** |
| v. : | |
| : | |
| **DR. FRANCIS J. HARVEY,** : | |
| **Secretary of the Army,** : | |
| : | |
| **Defendant** : | |

# ORDER

**AND NOW**, this 31st day of August, 2006, for the reasons set forth in the within memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for appointment of counsel (Doc. No. 2) is **DENIED**.

2. The Clerk of Court shall serve Plaintiff's complaint, together with a copy of this order, upon the United States Attorney for the Middle District of Pennsylvania pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure.

3. Defendant shall respond to the complaint within sixty (60) days after the date of service in accordance with Rule 12(a)(3)(A) of the Federal Rules of Civil Procedure.

                              S/ Yvette Kane
                              Yvette Kane
                              United States District Judge