**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BERNICE PORTIS, : | |
| : | Civil Action No. 1:06-CV-1510 |
| Plaintiff : | |
| : | (Chief Judge Kane) |
| v. : | |
| : | |
| PETE GEREN, : | |
| Acting Secretary of the Army,[1] : | |
| : | |
| Defendant : | |

## MEMORANDUM ORDER

**I.     INTRODUCTION**

In this action, Plaintiff Bernice Portis has sued the Secretary of the Army, alleging that a seven-day suspension that was imposed upon her after she allegedly became intoxicated and abusive during an employment-related social function constituted racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.  Presently pending before the Court is Defendant's motion to revoke Plaintiff's authorization to proceed in this litigation in forma pauperis on the grounds that Plaintiff substantially misrepresented or otherwise concealed information related to her financial status in order to avoid paying the $350 filing fee and that the declaration of poverty was thus untrue.  In support of the motion, Defendant has attached a number of documents that throw into question Plaintiff's attestation that her monthly income is less than $1000 and that she was without other financial resources that would allow her to pay the $350 filing fee.  The documents Defendant attache to his motion

---

[1] Plaintiff originally named Dr. Francis J. Harvey as the defendant in this case.  Dr. Harvey no longer serves as the Secretary of the Army.  As of March 7, 2007, Pete Geren was named as the acting Secretary of the Army and has accordingly been substituted as the proper defendant in this action.  Fed. R. Civ. P. 25(d)(1).

indicates that Plaintiff's annual salary is nearly $33,000, which breaks down to a monthly salary of more than $2,700 before taxes. Moreover, Defendant notes that Plaintiff is married to an active-duty Staff Sergeant in the United States Army who qualifies for a salary of approximately $2,600 per month, and who receives additional untaxed allowances for housing and subsistence expenses. The Government further notes that Plaintiff is currently prosecuting an unrelated federal lawsuit in which she did not declare poverty but instead was able to pay the required filing fee.[2] Based on this information, Defendant asserts that Plaintiff has underreported her and her family's financial resources and should be deemed financially able to pay filing and other fees imposed by the Court in such civil actions. Accordingly, Defendant requests that the Court revoke Plaintiff's in forma pauperis status and require that she pay the $350 filing fee before proceeding further with this litigation.

Plaintiff filed a substantially untimely opposition to Defendant's motion by way of a letter and assorted documents. (Doc. No. 15.) Although Plaintiff asserted in a letter to the Court that she was unaware of her obligation to file a response until she contacted the Clerk of Court, it is not disputed that on August 4, 2006, the Court issued a Standard Practice Order that set forth each party's obligation to respond to a briefed motion within 15 days after service of the opponent's brief. (Doc. No. 4, at 2.) Aside from this procedural error, the documents Plaintiff submitted in relation to Defendant's motion are entirely unresponsive to the question of whether

---

[2] In that action, captioned Portis v. Riverhouse Associates, L.P., No. 4:CV-06-2123 (M.D. Pa.) (Jones, J.), Plaintiff and her husband affirmatively alleged that they each "had an established credit history and previously had financed the purchases of their houses, vehicles and other personal property during their marriage." (Compl. ¶ 26.) In contrast to this allegation suggesting good credit history and ownership of assets, in her affidavit of poverty submitted in the case at bar, Plaintiff attested that the only asset she possesses is a 2002 Toyota Camry. Additionally, Plaintiff attested that she holds no checking or savings accounts.

she has misrepresented her financial status to this Court in an effort to avoid paying the required filing fee and whether she in fact qualifies to proceed IFP.  Instead, the documents submitted relate solely to the claims alleged in the complaint.

Defendant filed a timely reply, maintaining that Plaintiff's approximately $33,000 annual salary, possession of an automobile that may be worth several thousand dollars, and marriage to an active-duty member of the United States Army who draws a salary and is alleged to receive supplemental benefits to offset the cost of housing and subsistence expenses in an amount of more than $1,300 per month, militates against a finding of poverty.

**II.    DISCUSSION**

Section 1915(a)(1) of the Title 28 of the United States Code provides that a court may, in its discretion, authorize a person to commence and prosecute a civil action without payment of fees if the party submits an affidavit containing a statement of the party's assets and demonstrating that the party is unable to pay required fees.  28 U.S.C. § 1915(a)(1).  The statute also directs that courts impose a specific sanction in cases where a plaintiff falsely declares poverty:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, <u>the court shall dismiss the case</u> at any time if the court determines that –
>
> (A)    the allegation of poverty is untrue . . . .

28 U.S.C. § 1915(e)(2)(A) (emphasis added).  Courts have held that if the affiant's assertion of poverty is untrue, the mandatory language of 28 U.S.C. § 1915(e)(2)(A) requires that the court dismiss the suit.  <u>Thomas v. General Motors Acceptance Corp.</u>, 288 F.3d 305, 306 (7th Cir.

2002).[3]  In this case, Defendant has come forward with documents that cast serious doubt on Plaintiff's declaration that she is too impoverished to bear the cost of paying the $350 filing fee.  More significantly, these documents tend to suggest that Plaintiff falsely represented to the Court her monthly earnings and the availability of other assets and items of value that would be relevant to an evaluation of her financial condition.

Although the pronounced discrepancy between Plaintiff's representations regarding her financial condition in her application and the documents Defendant submitted suggesting that Plaintiff's monthly income and other financial resources were significantly greater than Plaintiff indicated would be sufficient for the Court to conclude that Plaintiff's allegation of poverty is untrue, in an abundance of caution, the Court will give Plaintiff a final opportunity to respond to Defendant's motion and to explain her declaration of poverty.  In this regard, Plaintiff will be required to explain why she should be entitled to proceed in forma pauperis if, as her employment documents suggest, less than three months prior to commencing this action she was earning a salary of more than $2,700, and her husband was apparently receiving both a salary and supplemental housing and subsistence allowances that could reasonably be expected to contribute to Plaintiff's own financial condition and to help lessen her financial obligations.

---

[3]  The Court notes that in cases where a plaintiff has been found to have knowingly or intentionally made false statements in an affidavit supporting an application to proceed in forma pauperis, courts may dismiss the action with prejudice.  See, e.g., Thomas, 288 F.3d at 306; Mathis v. New York Life Ins. Co., 133 F.3d 546, 547-48 (7th Cir. 1997) (per curiam); Attwood v. Singletary, 105 F.3d 610, 612-13 (11th Cir. 1998) (per curiam); Romesburg v. Trickey, 908 F.2d 258, 260 (8th Cir. 1990); Thompson v. Carlson, 705 F.2d 868 (6th Cir. 1983) (per curiam).  But cf. Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)(A) must be based on whether allegation of poverty is true, and not on whether affiant misstated her assets in her affidavit, so long as misstatements were made in good faith).

It should be emphasized that in this inquiry the Court is not concerned with the merits of Plaintiff's claims and Plaintiff is therefore advised to refrain from submitting documents that speak only to the underlying dispute with Defendant.  The only matter with which the Court is now concerned is Plaintiff's representation to the Court regarding her financial ability to pay the fees and with her financial situation generally, as well as with whether Plaintiff was honest in her original representations.  In this regard, Plaintiff must adequately explain to the Court how her original statements regarding her financial status and resources should be deemed truthful in light of Defendant's showing suggesting otherwise.  Additionally, Plaintiff shall make a full and truthful statement regarding her financial condition that addresses Defendant's argument and documents suggesting that she (1) has greater monthly income than represented, (2) may maintain one or more bank accounts and own personal property not disclosed in the original application, and (3) is married to an active-duty Staff Sergeant who appears to be entitled to a salary and ancillary financial benefits as a condition of his employment.  Upon receipt of Plaintiff's showing, the Court will determine whether Plaintiff's original allegation of poverty was true and, if not, the appropriate sanction to be imposed.

**WHEREFORE, IT IS HEREBY ORDERED THAT** Plaintiff shall show cause within fifteen (15) days of this order why Defendant's motion to revoke her in forma pauperis status should not be granted and this action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(A).  Plaintiff shall limit her response to the issues identified in this order.  Failure to timely respond in

accordance with the terms of this order will result in this action being dismissed without further notice. A decision as to whether further reply from Defendant is warranted or necessary will be reserved pending review of Plaintiff's response.

                                      s/ Yvette Kane
                                      Yvette Kane, Chief Judge
                                      United States District Court
                                      Middle District of Pennsylvania

Dated: July 17, 2007